IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-767-BO-RJ

| | | |
|---|---|---|
| CHRIS MUMME, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for reconsideration [DE 28] and motion to amend his motion for reconsideration. [DE 29]. Plaintiff has also filed a motion for expedited ruling. [DE 30].

On February 27, 2025, the Court dismissed plaintiff's complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff's motion for reconsideration was filed on March 26, 2025. Because plaintiff's motion was filed within twenty-eight days of the date of entry of judgment, the Court considers his motion under Fed. R. Civ. P. 59(e).

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

A party may not use a Rule 59(e) motion to raise arguments which could have been raised prior to entry of judgment or argue a novel legal theory that was previously available. *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation and citation omitted). Disagreement with the judgment is also not grounds for relief under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Additionally, "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink' what the Court ha[s] already thought through–rightly or wrongly." *United States v. Overcash*, 3:15-cr-263-FDW-1, 2019 U.S. Dist. LEXIS 87566, at *2 (W.D.N.C. May 24, 2019) (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 104 (E.D. Va. 1997)).

Plaintiff titles his first motion as "Motion for Reconsideration: To Prima Facie Controversies In Which the United States Shall Be A Party". [DE 28] at 1. Plaintiff contends that Article III of the United States Constitution discloses conflicting judicial financial provisions which reveal that this Court maintains a prejudicial interest in dismissing plaintiff's case. *Id*. Plaintiff contends that this Court is engaged in suppression of process, that it must take judicial notice of Article III, the Camp LeJeune Justice Act, Rule 201 of the Federal Rules of Evidence, and Rules 12, 55, and 60 of the Federal Rules of Civil Procedure. Plaintiff further contends that only a defendant may raise the issues of insufficient process or service of process, and that by dismissing this action in the absence of such a motion the Court improperly acted as an advocate on behalf of the United States, which also pays the Court's salary. Plaintiff again seeks entry of default against defendant, and argues that the Court is without the necessary *in personam* and subject matter jurisdiction to proceed unless each of the judges on this Court divest themselves of their Article III conflict of financial interest.

2

In his amended motion, plaintiff contends that defendant cannot present any meritorious defense in this case, given that the United States pays the salaries of the judges and thus openly creates a financial conflict of interest. Plaintiff contends that, due to this conflict, the Camp Lejeune Justice Act is void ab initio.

As plaintiff does not appear to rely on either newly discovered evidence or an intervening change in controlling law, the Court presumes plaintiff is arguing that the Court committed a clear error of law or manifest injustice. While a *pro se* complaint is entitled to liberal construction, a *pro se* litigant must nonetheless follow the Federal Rules of Civil Procedure, including the service requirements of Rule 4. *Chrisp v. Univ. of N. Carolina-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020); *Williams v. N.C. Admin. Off. of the Cts.*, No. 4:17-CV-54-D, 2017 WL 6762199, at *3 (E.D.N.C. Dec. 29, 2017). In the absence of proper service under Rule 4, a court lacks personal jurisdiction over the defendant. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Here, the record does not reflect that service on defendant has been obtained. Plaintiff was notified that summonses were required to issue in order to effect proper service on defendant. [DE 3]. Plaintiff failed to submit summonses to the Clerk of Court for issuance. Plaintiff was permitted a period of time within which to show why the case should not be dismissed for failure to effect proper service under Rule 4(m). Plaintiff failed to do so. Instead, plaintiff raised many of the same arguments he has raised in his Rule 59(e) motion. The Court has considered plaintiff's arguments and determined that none suffice to excuse his failure to effect service on defendant.

Plaintiff's argument that the undersigned or any other Article III judge lacks jurisdiction or suffers a conflict of interest based upon his or her salary is without merit. *See United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999) ("reasonable person does not infer prejudice" from fact that "a federal judge receives a salary from the federal government."). Plaintiff's

3

argument that only a defendant may raise the failure to effect proper service is also without merit. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff's response to the Court's show cause order did not demonstrate good cause for failing to effect service under Rule 4. Thus, the Court did not act as an advocate for the defense, as plaintiff argues, in dismissing plaintiff's complaint under Rule 4(m).

Finally, the Court need not under Federal Rule of Evidence 201 take judicial notice of the United States Constitution or the Federal Rules of Evidence and Procedure as plaintiff requests. "Rule 201 applies only to adjudicative facts, which 'are simply the facts of the particular case.'" *Loftus v. F.D.I.C.*, 989 F. Supp. 2d 483, 489 (D.S.C. 2013). And "judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002). Rather, the Constitution and federal rules govern a court's decision, and judicial notice of them is not necessary.

In sum, plaintiff has failed to demonstrate that the Court committed any clear error or manifest injustice. Plaintiff's arguments regarding an alleged financial conflict of interest and his attack on the constitutionality of the Camp Lejeune Justice Act do not excuse his failure to comply with the Federal Rules of Civil Procedure. Thus, while the motion to amend is allowed, the motion for reconsideration is denied. Plaintiff's motion for expedited ruling is denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to amend [DE 29] is GRANTED. Plaintiff's motion for reconsideration [DE 28] is DENIED. Plaintiff's motion for expedited ruling [DE 30] is DENIED AS MOOT.

4

SO ORDERED, this 30 day of June 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE